IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRACY TREVILLYAN REVOCABLE TRUST, | ) CIVIL NO. 07-00527 SOM-KSC<br>)<br>) FINDINGS AND |
| Plaintiff, | ) RECOMMENDATION TO GRANT<br>) PLAINTIFF'S STATEMENT OF |
| vs. | ) POSITION IN RESPONSE TO<br>) DEFENDANT SUZANNE FARROW'S |
| SUZANNE FARROW; DEUTSCHE BANK NATIONAL TRUST COMPANY | ) NOTICE OF REMOVAL FILED<br>) OCTOBER 18, 2007, OR IN<br>) THE ALTERNATIVE, MOTION TO |
| Defendants. | ) REMAND<br>) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S
STATEMENT OF POSITION IN RESPONSE TO DEFENDANT SUZANNE
FARROW'S NOTICE OF REMOVAL FILED OCTOBER 18, 2007,
OR IN THE ALTERNATIVE, MOTION TO REMAND

Before the Court is Plaintiff Tracy Trevillyan

Revocable Trust's ("Plaintiff") Statement of Position

in Response to Defendant Suzanne Farrow's ("Farrow")

Notice of Removal filed October 18, 2007, or in the

alternative, Motion to Remand ("Motion" or "Motion to

Remand"), filed November 7, 2007.  On November 30,

2007, Farrow filed a "Reply Memorandum", which the

Court will construe as Farrow's Memorandum in

Opposition.  On December 10, 2007, Plaintiff filed its Reply.

This matter came on for hearing on December 20, 2007.  Neil Verbrugge, Esq., appeared on behalf of Plaintiff.  Mark Valencia, Esq., appeared on behalf of Farrow.  After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Court FINDS and RECOMMENDS that the district court GRANT Plaintiff's Motion to Remand.

## BACKGROUND

On August 29, 2007, Plaintiff filed an action in the Circuit Court of the Third Circuit, State of Hawaii.  Farrow was served with the Complaint on September 20, 2007.  On September 27, 2007, Plaintiff filed a First Amended Complaint.

Farrow filed a Notice of Removal ("Notice") with this Court on October 18, 2007.

## DISCUSSION

I.   Removal was Improper

Farrow removed the instant case pursuant to

2

28 U.S.C. §§ 1441(a)-(b)[1] and 1332.  Notice of Removal

at 2-3; ¶¶ 10, 16.  Section 1441 provides, in pertinent

part:

> (a) Except as otherwise expressly provided
> by Act of Congress, any civil action
> brought in a State court of which the
> district courts of the United States have
> original jurisdiction, may be removed by
> the defendant or the defendants, to the
> district court of the United States for
> the district and division embracing the
> place where such action is pending. . . .
>
> (b) Any civil action of which the district
> courts have original jurisdiction founded
> on a claim or right arising under the
> Constitution, treaties or laws of the
> United States shall be removable without
> regard to the citizenship or residence of
> the parties.  Any other such action shall
> be removable only if none of the parties
> in interest properly joined and served as
> defendants is a citizen of the State in
> which such action is brought.

28 U.S.C. § 1441 (a), (b).  Section 1441 is strictly

construed against removal and courts resolve any doubts

---

[1]  Farrow incorrectly states that the Court has
removal jurisdiction in part because it is an action
"founded on a claim or right arising under . . . laws
of the United States."  Notice of Removal at 3.  Given
that Farrow apparently moved for removal based on
diversity jurisdiction, the Court will assume that she
meant to state § 1441(a).

about the propriety of removal in favor of remanding
the case to state court.  See Durham v. Lockheed Martin
Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).  The party
seeking to remove the case bears the burden of
establishing the existence of federal jurisdiction.
See California ex rel. Lockyer v. Dynegy, Inc., 375
F.3d 831, 838 (9th Cir. 2004), cert. denied, 544 U.S.
974 (2005).

Significantly, in the Notice, Farrow alleges
that she "is currently, and at the time of commencement
of the above-entitled action was, a citizen and/or
resident in the State of Hawaii."  Notice of Removal at
¶ 13.  Farrow further alleges that Plaintiff is a
revocable trust organized and existing under the laws
of Arizona, and the amount in controversy exceeds
$75,000.00.  Id. at ¶¶ 11-12.  Federal district courts
have original jurisdiction over cases between citizens
of different states.  See 28 U.S.C. § 1332(a).  A
defendant may remove such an action to federal court
provided that no defendant is a citizen of the same

4

state in which the action was brought.  <u>See</u> <u>id.</u>

§ 1441(b).  Thus, a United States district court has

diversity jurisdiction over an action when the amount

in controversy exceeds $75,000, excluding interest and

costs, and the action is between citizens of different

states.  <u>See</u> <u>id.</u> § 1332(a)(1).  Federal removal

jurisdiction on the basis of diversity "is determined

(and must exist) as of the time the complaint is filed

and removal is effected."  <u>Strotek Corp. v. Air</u>

<u>Transport Ass'n of America</u>, 300 F.3d 1129, 1131 (9th

Cir. 2002) (citations omitted).

In the instant case, Farrow's allegation of

Hawaii citizenship, when coupled with the fact that

Plaintiff commenced this action in Hawaii state court,

precludes removal.  As the Court already mentioned, §

1441(b) explicitly provides that actions based on

diversity jurisdiction may only be removed if none of

the served defendants is a citizen of the state in

which the action is brought.  <u>See</u> 28 U.S.C. § 1441(b).

Consequently, the Court finds that the Notice fails to

establish a proper basis for removal.

II.  <u>Amendment of the Notice Would be Improper</u>

Plaintiff requests that Farrow correct her allegation of Hawaii citizenship to properly state that she was a citizen of the State of California at the time the Complaint was filed and at the time the Notice was filed, or alternatively, that the matter be remanded to the Third Circuit Court, State of Hawaii. Farrow concedes that as of the date of the filing of the Notice, she was a citizen of the State of California.  She argues that by conceding that she is a California citizen, she has complied with § 1441(b).

Although defendants may in certain circumstances cure defects by amending their notices of removal, amendment is inappropriate here.  This is particularly so given that the Court resolves any doubts about the propriety of removal in favor of remanding the case to state court.  Section 1653 of Title 28 of the United States Code provides that "[d]efective allegations of jurisdiction may be

amended, upon terms, in the trial . . . courts."  28

U.S.C. § 1653; see also Kanter v. Warner-Lambert Co.,

265 F.3d 853, 858 (9th Cir. 2001).  This section

applies to both removed actions and to those initiated

in United States district courts.  Barrow Dev. Co. v.

Fulton Ins. Co., 418 F.2d 316, 317 (9th Cir. 1969)

(citations omitted).  Ordinarily, "the notice of

removal required by Section 1446(b) may be amended

freely by the defendant prior to the expiration of the

thirty-day period for seeking removal."  14C Charles

Alan Wright, Arthur R. Miller, Edward H. Cooper, Pocket

Part by The Late Charles Alan Wright, Arthur R. Miller,

Edward H. Cooper, Joan E. Steinman, Federal Practice

and Procedure § 3733.  After the thirty-day period for

seeking removal has passed, "the notice may be amended

only to set out more specifically the grounds for

removal that already have been stated, albeit

imperfectly, in the original notice."  Id.; see also

Barrow, 418 F.2d at 317 (after thirty-day period

lapses, the defendant may not amend a notice of removal

"to add allegations of substance but solely to clarify
'defective' allegations of jurisdiction previously
made").

Here, Farrow may not amend her Notice as of
right because the 30-day period for removal expired on
October 20, 2007.  Neither will the Court permit Farrow
to amend her Notice to change her allegation of
citizenship from Hawaii to California.  Such a change
would substantively alter a prerequisite for removal
premised on diversity jurisdiction (i.e. that no
defendant be a citizen of the state where the action is
brought), not merely clarify allegations of
jurisdiction previously made.  Indeed, the cases in
which courts have granted leave to amend the notices of
removal involved technical defects, such as allegations
of "residence" instead of "citizenship" or one where
either the principal place of business or place of
incorporation of a corporation is omitted.  See, e.g.,
Luehrs v. Utah Home Fire Ins. Co., 450 F.2d 452 (9th
Cir. 1971) (permitting amendment where the petition for

removal alleged the "residence" and not the
"citizenship" of Plaintiff, and where the petition only
included the place of incorporation for the defendant
corporation); Barrow, 418 F.2d at 316-18 (allowing
amendment to clarify that the alleged citizenship of
the parties pertained to both the principal place of
business and place of incorporation, where removal
petition only alleged that the plaintiff corporation
and the defendant corporation were citizens of Alaska
and New York, respectively).

Having found that Farrow's Notice is defective
and that amendment is improper, the Court recommends
that the district court remand the case to the Third
Circuit Court, State of Hawaii.

Although the Court need not address the
procedural requirements set forth in § 1446(b) given
its determination that Farrow failed to satisfy the
jurisdictional requirements for removal based on
diversity jurisdiction, the Court notes that the Notice
is additionally flawed for failing to affirmatively

state why Farrow did not join the other defendant in
the removal.  Ordinarily, all the defendants in the
state court action must consent to and join in the
petition for removal with the exception of nominal,
fraudulently joined or unknown defendants.  <u>Emrich v.
Touche Ross & Co.</u>, 846 F.2d 1190, 1193 n.1 (9th Cir.
1988); <u>Abrego Abrego v. Dow Chemical Co.</u>, 443 F.3d 676.
680 (9th Cir. 2006) (citation omitted).  This rule only
applies, however, to those defendants properly served
and joined in the action.  <u>Id.</u> (citing <u>Salveson v.
Western States Bankcard Ass'n</u>, 731 F.2d 1423, 1429 (9th
Cir. 1984) <u>overruled on other grounds by</u>  <u>Ethridge v.
Harbor House Restaurant</u>, 861 F.2d 1389 (9th Cir.
1988)).  The Ninth Circuit therefore recognizes an
exception in cases where defendants are not served and
permits the defendant(s) summoned to remove without
joining the unserved defendant(s).  <u>Salveson</u>, 731 F.2d
at 1429.

        If fewer than all defendants join in removal,
the removing party has the burden, under 28 U.S.C. §

10

1446(a), of affirmatively explaining the absence of the
non-joining defendant(s) in the notice for removal.
Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261,
1266 (9th Cir. 1999) overruled on other grounds by
Abrego, 443 F.3d at 670 (finding the removal notice
insufficient where it stated that the defendants
believed that many, rather than all, of the non-
consenting defendants were not properly served).  In
the present case, Farrow maintains that she was not
required to obtain Defendant Deutsche Bank National
Trust's ("Deutsche") consent to remove because Deutsche
was not served at the time of removal.  However, even
assuming that Deutsche was not served, Farrow did not
satisfy her burden of explaining Deutsche's absence in
the Notice.

        In accordance with the foregoing, the Court
finds that because the Notice failed to allege a proper
basis for removal, the Court lacks jurisdiction.
Consequently, the Court recommends that the district
court remand the case to the Third Circuit Court, State

11

of Hawaii.  <u>See</u> 28 U.S.C. § 1447(c).

III.      <u>Plaintiff is Entitled to Attorneys' Fees</u>

         Plaintiff further requests attorneys' fees in
the event the action is remanded.  When a federal court
remands a case, it "may require payment of just costs
and any actual expenses, including attorney fees,
incurred as a result of the removal."  <u>Id.</u>  The United
States Supreme Court has stated that:  "Absent unusual
circumstances, courts may award attorney's fees under §
1447(c) only where the removing party lacked an
objectively reasonable basis for seeking removal.
Conversely, when an objectively reasonable basis
exists, fees should be denied."  <u>Martin v. Franklin
Capital Corp.</u>, 126 S. Ct. 704, 711 (2005) (citations
omitted).  The district court retains discretion to
determine whether a given case presents unusual
circumstances that warrant a departure from this rule.
<u>Id.</u>  The <u>Martin</u> Court also instructed that

         The appropriate test for awarding fees
         under § 1447(c) should recognize the
         desire to deter removals sought for the
         purpose of prolonging litigation and

                              12

imposing costs on the opposing party,
while not undermining Congress' basic
decision to afford defendants a right to
remove as a general matter, when the
statutory criteria are satisfied.

Id.

In this case, the plain language of § 1441(b)
precluded removal if either Farrow or Deutsche was a
citizen of Hawaii at the time the Complaint was filed
and at the time the Notice was filed.  Where, as here,
Farrow alleged that she was a citizen of Hawaii, no
objectively reasonable basis existed for removal.
Accordingly, the Court recommends that the district
court award Plaintiff attorneys' fees, the
reasonableness and amount of which will be determined
after counsel submits a declaration in conformance with
Local Rule 54.3(d).

CONCLUSION

Based on the foregoing, the Court FINDS and
RECOMMENDS that the district court GRANT Plaintiff's
Statement of Position in Response to Defendant Suzanne
Farrow's Notice of Removal filed October 18, 2007, or

13

in the alternative, Motion to Remand, filed November 7, 2007, and remand this action to the Third Circuit Court, State of Hawaii.  Having found that Farrow lacked an objectively reasonable basis for removal, the Court further RECOMMENDS that the district court award Plaintiff attorneys' fees, in an amount to be determined after counsel submits a declaration in compliance with Local Rule 54.3(d).

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, January 2, 2008.



_____
Kevin S.C. Chang
United States Magistrate Judge

TRACY TREVILLYAN REVOCABLE TRUST V. FARROW, ET AL., CV 07-00527 SOM-KSC; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S STATEMENT OF POSITION IN RESPONSE TO DEFENDANT SUZANNE FARROW'S NOTICE OF REMOVAL FILED OCTOBER 18, 2007, OR IN THE ALTERNATIVE, MOTION TO REMAND